## BRADFORD *vs.* EDWARDS.

[SLANDER FOR WORDS SPOKEN CHARGING PERJURY.]

1. *Plea of statute of limitations to amended complaint.*—When an action is commenced before the statute of limitations has effected a bar, and an amendment of the complaint is filed after the completion of the statutory bar, the statute is not a good plea to the amended complaint, since the amendment relates back to the commencement of the suit.

2. *Retraction of charge, and disclaimer.*—If the defendant, in slander, wishes to avail himself of the statutory privilege (Code, § 2221) of proving, in mitigation of damages, a retraction of the charge before suit brought, he must bring himself within the express terms of the statute : a public disclaimer by him, after suit brought, of any intention to charge plaintiff with the crime imputed by his words, is not admissible evidence, either in defense of the action, or in mitigation of damages.

3. *Evidence in mitigation of damages.*—The fact that the defendant, in other conversations relative to the subject-matter of the slanderous words, spoke of the plaintiff in terms less offensive, or declared that he did not believe him guilty of the charge imputed to him, is not admissible evidence in mitigation of damages.

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought by James M. Edwards, against Philemon Bradford, to recover damages for the false and malicious speaking by defendant, of and concerning plaintiff, and of and concerning a certain deposition given by

plaintiff as a witness in a cause pending between defendant and one Stewart, certain words charging plaintiff with perjury. The complaint, as set out in the record, contained three counts. The judgment entry shows, that a demurrer was interposed "to the two last amended counts," and overruled; that the statute of limitations was then pleaded "to said two last amended counts;" and that the court sustained a demurrer to the plea. But the record nowhere shows what parts of the complaint were added by way of amendment, nor when the amendment was filed or allowed.

The bill of exceptions taken in the cause is as follows:

"On the trial of this case, the plaintiff introduced a witness who testified, that at the fall term of said circuit court, 1854, on the day of the trial of the case of Philemon Bradford v. Ezekiel Stewart, and after the deposition of plaintiff had been read in evidence on said trial, he heard said Bradford say, at the supper table at Mrs. Bothwell's hotel in Ashville, while several persons were present, *that Edwards had not sworn the truth by a long gap, and he knew it;* that he heard said Bradford, at the same time, use other language about plaintiff's swearing, but could not remember distinctly what it was; that the above language was the substance of all that he remembered, and that he recollected that much of it distinctly. The plaintiff proved, also, by two other witnesses, that on the next day after the trial of said case between Bradford and Stewart, defendant said to them *that Edwards had sworn a positive lie, for there was a condition in the trade between him and Stewart, and Edwards had not stated that condition in his deposition.* On this proof the plaintiff rested his case.

"The *plaintiff* (?) offered to prove by one Benjamin Wharton, that on the day of the trial of said case between Bradford and Stewart, and after the close of the trial, he heard Bradford publicly say, at Mrs. Bothwell's, in the presence of several persons, *that Edwards had not stated all the conditions in his deposition, but he sometimes drank to excess, and he* (Bradford) *reckoned he must have forgotten it;* that he could not recollect positively whether this conver-

sation between him and Bradford occurred at the supper
table, or out in the portico; that he thought it was at the
supper table, but, according to his best impression, it was
in the porti<sub></sub>; that he did not recollect that Judge Jno.
J. Thomason was present, nor did he hear Bradford say
'that Edwards had not sworn the truth by a long gap.'
The *plaintiff* (?) offered this evidence, to be left to the
jury to say whether it was not a part of the same conver-
sation spoken of by said Thomason, to be taken by the
jury in explanation of what was said by Thomason, and
in mitigation of damages. The plaintiff objected to this
testimony; the court sustained the objection, and the de-
fendant excepted. The defendant then offered the same
testimony, as evidence of a disclaimer of an intention to
charge plaintiff with willfully omitting to swear the whole
truth, and in mitigation of damages; but the court sus-
tained plaintiff's objection to its introduction, and the
defendant excepted.

"The defendant then offered to prove, in mitigation of
damages, that since the commencement of this suit he
had often publicly disclaimed any intention of charging
plaintiff with willfully swearing falsely. The plaintiff
objected to this evidence, and the court sustained the ob-
jection; to which defendant excepted. The defendant
further offered to show, in mitigation of damages, that he
had said he went to plaintiff, the first time he saw him
after this suit was brought, to make the same disclaimer,
but plaintiff refused to speak to him. The court also
sustained an objection by plaintiff to this evidence, and
defendant excepted. The defendant then offered to show,
in mitigation of damages, that twelve months ago, when
this cause was called for trial, and before it was in any
manner disposed of, he had offered to plaintiff a writing,
signed by him, in these words: 'Col. Jas. M. Edwards—
I am not aware that I have ever charged you with perjury,
or willfully swearing falsely; and if anything I have said
will bear that construction, or has been so understood, I
hereby disclaim, as I have often publicly done, any such
intention, and now offer to spread this disclaimer on the
records;' which disclaimer he now again offered to plaint-

iff, and offered to spread it on the records of the court before the commencement of the trial. To all this evidence the plaintiff excepted, and the court sustained the objection; to which the defendant excepted. T'a defendant then offered all the above-named disclaim~~ together, in mitigation of damages; but the cou~~ sustained the plaintiff's ob'~ction thereto, and def~adant excepted. The defenda~t then offered to read in evidence, in mitigation of damages, said written disclaimer, which was admitted not to be in compliance with the statute; but the court sustained an objection by plaintiff to its admission, and defendant excepted. There was other proof in the cause, and the proof on some points was conflicting."

The rulings of the court to which exceptions were reserved, and the sustaining of the demurrer to the plea of the statute of limitations, are now assigned as error.

B. T. POPE, and M. J. TURNLEY, for appellant.
ALEX. WHITE, and JAMES B. MARTIN, contra.

STONE, J.—To the amended complaint the defendant pleaded the statute of limitations. To this plea the plaintiff demurred, and his demurrer was sustained. Neither the plea nor the demurrer is set out in the record; but, from the argument of counsel, we suppose the plea was that the words charged in the amendment were uttered more than one year before the amended complaint was filed. The demurrer was rightly sustained.

In Agee v. Williams, 30 Ala. 636, we said—"The charge which he requested the court to give, assumes it to be law, that so far as the adverse possession of the defendant is concerned, the amendment of the complaint is to be regarded as the commencement of the suit. But that assumption is not authorized by law. The amendment was not the beginning of a new suit, but the correction of a fault in the pending suit—the suit commenced in October, 1853. And if, at the commencement of that suit, the adverse possession of the defendant had not continued for six years, it could not bar a recovery under the amended complaint." We will not now announce what

would be our conclusion, if the amendment brought forward a distinct and independent cause of action. The amendment in this case assumes to do no such thing, but only varies the words expressive of the same charge. A necessity to meet the varying phases of the testimony, called for the amendment, as we suppose.

The above authority is decisive of the question under discussion.

[2.] The offer to prove what is denominated in the record a disclaimer, was correctly overruled. It was not a compliance with the statute.—Code, §§ 2221, 2222. That statute was introductive of a new rule, unknown to the common law; and to authorize a party to avail himself of it, he must bring himself within its terms. The evidence offered was not good, either in defense of the action, or in mitigation.—Hamilton v. Glenn, 1 Penn. State Rep. 340.

[3.] Neither did the court err, in refusing to allow the defendant to prove that, in conversations other and different from those proved against him, he spoke of the plaintiff, and of his testimony given in the trial of the case of Bradford v. Stewart, in terms less offensive to Mr. Edwards, and more favorable to his integrity of purpose. In suits for verbal slander, it is neither a defense in bar, nor in mitigation of damages, that at some other time the defendant did not slander the plaintiff, or slandered him less maliciously.

The judgment of the circuit court is affirmed.

This judgment takes effect as of 3d day of February, 1858, when the cause was submitted.