# POPPLETON *v.* NELSON.

APPEAL—PARTIES—An appeal will not be dismissed for want of necessary parties, where as between the parties to the appeal, the decision appealed from may be reversed or modified in some substantial particular without affecting the rights of other parties to the litigation in the court below, under such decision, who have not been made parties to the appeal.

IDEM—NOTICE—UNDERTAKING.—The undertaking for an appeal may be filed at any time after service of the notice, although on the same day. Where the undertaking appears to have been filed on the same day the notice is served, the law will presume it was filed afterwards.

IDEM—NOTICE MUST BE SIGNED BY ATTORNEY, WHEN—If the appellant appeared by attorney in the court below, and the record fails to show any change and appearance by himself in person, the notice of appeal must be given by such attorney, and a notice purporting to be given and signed by the appellant in person is invalid, and will not enable him to maintain his appeal.

APPEAL from Yamhill County.

PER CURIAM:

The grounds set forth in the motion to dismiss are: 1. The notice of appeal has not been served on all the necessary parties; 2. The undertaking for the appeal was filed before the notice; 3. The description in the notice of the decree appealed from is insufficient; 4. The notice is not signed by the appellant's attorneys of record, in the court below, but purports to have been given and signed by himself alone. The third ground was waived by respondent's counsel at the hearing, and need not, therefore, be considered. The first ground seems to us, upon an examination of the transcript, clearly untenable. The interest of the appellant Nelson, in securing a reversal of the decree, can·in no way be deemed adversed to the rights of his co-defendant. If he fails in procuring a reversal he must pay the costs. If he succeeds, the land supposed to be represented by his co-defendant as administrator of Isaac Rogers, deceased, will

be relieved from a heavy incumbrance. In no event could the interests claimed to be represented by the administrator suffer any injury from the appeal. As to the second ground, our conclusion is the same. The provisions of sec. 510 of the code, for the computation of the time within which an act is to be done only exclude the "first day" from such *computation.* They never could have been intended to prevent such act from being considered and treated as having been done on that day. The only purpose of the statute was to furnish a rule for ascertaining the period within which the subsequent act should be performed. But the fourth and only remaining ground specified in the motion to dismiss, gives rise to questions of greater difficulty.

The appellant appeared in the suit in the court below by attorneys. They appear from the record to have appeared for and represented him there until the final decree was entered against him. Without any change of attorneys upon the record, appellant attempted to give notice of an appeal on his own behalf and in his own name. Section 1000, civil code, provides: "An attorney is a person authorized to appear for and represent a party, in the written proceedings in any action, suit or proceeding, in any stage thereof." * * And section 1001 is as follows: "Any action, suit or proceeding may be prosecuted or defended by a party, in person, or by attorney, except that the state or a corporation, either public or private, appears by attorney in all cases; and where a party appears by attorney the *written proceedings* must be in the name of the attorney, who is the sole representative of his client, as between him and the adverse party, except as provided in the last section." Section 1010 provides for the change of attorneys of record, and the succeeding section 1011 contains the following provisions: "Where an attorney is changed, as provided in the last sec-

tion, written notice of the change and of the substitution of a new attorney, or of the appearance of the party in person, shall be given to the adverse party.    Until then he is bound to recognize the former attorney."

This court has repeatedly held that the notice of appeal may be served on the attorney of record residing within the county where the action is pending under section 521. (*Lindley* v. *Wallis*, 2 Or., 203; *Rees* v. *Rees*, 7 *id.*, 78.) Now if the attorney of record may be served with a notice of appeal, his authority to give one should not be denied. Both are based upon the proposition that he represents his client, in the proceeding to appeal.    This principle seems clearly involved in and established by these decisions. What, then, can prevent the application of the provisions of section 1001, above cited, to the proceeding to appeal? The notice of appeal is unquestionably a "written proceeding" within the meaning of that section, and if its provisions do apply, should have been "in the name of" the attorneys of record in the suit below.    The respondent was "bound to recognize" such attorneys in this case, no notice having been given him of any change, as required by section 1011. Was he also "bound to recognize" the appellant himself, under such circumstances?    We think not, and that he was under no necessity of noticing any "written proceedings" not coming from, nor "in the name of," the respondent's attorneys of record.    Nor can his rights in the premises be permitted to be affected in any way by the attempt of the appellant to give a notice of appeal in his own name, when the exclusive authority to do so was vested by his own act, under the law, in his attorneys of record.    The appeal must be dismissed with costs to the respondent.

Dismissed.