# Anniston & Atlantic Railroad Co. *v.* Ledbetter & Farmer.

*Action against Railroad Company, for Lost Lumber.*

1. *Amendment of complaint; statute of limitations.*—In an action against a railroad company, seeking to charge it as a common carrier for the loss of goods, a count may be added by amendment charging it as a warehouseman; but, if the amendment is not filed until after the lapse of one year from the accrual of the cause of action (Code, § 2619), the statute of limitations is available as a defense.

2. *Liability of railroad company as common carrier, and as warehouseman.*—If the consignee of goods fails to remove them within a reasonable time after notice of their arrival, the liability of the railroad company as a common carrier ceases, and it becomes liable thenceforward only as a warehouseman; and in this case, the failure to remove them for one week after notice is held to raise a presumption of such change of liability.

APPEAL from the City Court of Anniston.
Tried before the Hon. B. F. CASSADY.

KNOX & BOWIE, for appellant.—The defendant could not be held liable as a common carrier.—*C. & W. R. R. Co. v. Ludden*, 89 Ala. 612; *Pelton v. R. R. Co.*, 54 N. Y. 214; *Butler v. R. R. Co.*, 9 Am. & Eng. R. R. Cases, 249. The court erred in sustaining the demurrer to defendant's plea of the statute of limitations of one year.—*Chambers v. Seay*, 87 Ala. 558; *Chambers v. Seay*, 73 Ala. 379; *Whilden v. Bank*,

[Anniston & Atlantic R. R. Co. v. Ledbetter & Farmer.]

64 Ala. 1; *Frink v. Potter*, 17 Ill. 406; 2 Am. & Eng. Encyc. of Law, 903.

CALDWELL & JOHNSTON, *contra.*—There was no error · in allowing the complaint to be amended.—*Dowling v. Blackman*, 70 Ala. 303; *R. R. Co. v. Wood*, 66 Ala. 167; *Kennedy v. R. R. Co.*, 74 Ala. 430.

COLEMAN, J.—Appellees sued appellant, as a common carrier, for the loss of lumber, in a justice's court. The case was appealed on the 2d of November, 1888, to the Circuit Court, and under the statute was transferred to the City Court. The complaint as first declared was in the common form of an action against the defendant as a common carrier. On February 26th, 1890, the plaintiffs amended their complaint by adding a count against the defendant as warehouseman. To this count, the defendant interposed the statute of limitations of one year, and the court sustained a demurrer to the defendant's plea of the statute of limitations. No jury having been demanded, upon the evidence the court rendered judgment for the plaintiffs. · The questions for consideration are, (1) as to the order of the court allowing the amendment, (2) in sustaining the demurrer to the plea of the statute of limitations of one year, and (3) to the judgment of the court charging defendant for the loss of the lumber as warehouseman. The only limit to the right of amendment under our statute is, that there must not be an entire change of parties, nor the substitution of an entirely new cause of action. *Dowling v. Blackman*, 70 Ala. 307; *Long v. Patterson*, 51 Ala. 414.

It is further declared, that "if, during the pendency of a suit, any new matter or claim, not before asserted, is set up and relied upon by the complainant, the defendant has a right to insist upon the benefit of the statute, until the time that the new claim is presented; because, until that time, there was no *lis pendens* as to that matter between the .parties. On the contrary, if the amendments set up no new matter or claim, but simply vary the allegations as to a subject already in issue, then the statute will run only to the filing of the original bill."—*King v. Avery*, 37 Ala. 173; *Bradford v. Edwards*, 32 Ala. 628; *Mohr v. Lemle*, 69 Ala. 182.

In the case of *Western Railway of Ala. v. Little*, 86 Ala. 163, the court declared: "There is no incompatibility in a railroad company being both carrier and warehouseman, but it can not have custody in both capacities of the same property at the same time. The responsibility of a railroad as

[Anniston & Atlantic R. R. Co. v. Ledbetter & Farmer.]

common carrier continues after the goods have reached their place of destination, until the consignee has had a reasonable time to remove them; yet, when a reasonable time has elapsed, it becomes by operation of law, warehouseman—the law by its operation passes the goods from the railroad as carrier, to it as warehouseman. It follows from these principles, that the liability of the defendant as a common carrier, and as warehouseman for the loss of the lumber, could not exist at the same time; that so long as it continued liable as a common carrier, its duties as warehouseman did not begin, and as soon as it became liable as warehouseman, it ceased to be a common carrier. Different principles of law apply to common carriers and to warehousemen, and the evidence necessary to fix a liability in the one case is not necessarily required in the other. In the suit against the defendant as a common carrier, there was no *lis pendens* as to its liability as warehouseman. The amended complaint "set up new matter, or claim," and to this new matter, or claim, the defendant had the right to insist upon the defense of the statute of limitations. The demurrer to the plea was improperly sustained.

In the case of the *Columbus & Western Railway Co. v. Ludden & Bates*, 89 Ala. 612, after reviewing many authorities, the court declared, that under the evidence in that case, three days was a reasonable time, after the transit had been completed, for the consignee to remove the goods, and having failed to remove them within that time, the defendant was responsible as warehouseman, and not as common carrier. The evidence in the present case was sufficient to show the consignees failed to remove the lumber for more than three days after notice of its arrival and the request to take it away, although the consignees lived and did business in the same city where the lumber was shipped. It was a week or more from the time of the arrival of the lumber to the day of the demand upon the defendant for the lumber, and the discovery that it had been removed by some unknown parties. The legal presumption from the evidence is, that defendant's liability as common carrier had terminated, and it was liable only as warehouseman, if liable in any event. The statute of limitations furnished defendant with a complete defense against all liability as warehouseman.—*Lansford v. Scott*, 51 Ala. 558; *Dowling v. Blackman*, 70 Ala. 307; *Mahan v. Smitherman*, 71 Ala. 567; *Evans v. Richardson*, 76 Ala. 332. There are many other questions raised, but we do not deem it necessary to refer to them.

There is no evidence in the record to sustain the count in trover.—*Ala. & Tenn. River R. R. Co. v. Kidd*, 35 Ala. 209.

Reversed and remanded.