[No. 208. Decided November 25, 1891.]

BERTHA L. GRAETZ AND PEARL MAUD GRAETZ, *by Guardian ad litem* BERTHA L. GRAETZ, *Appellants* v. JOHN DOE McKENZIE AND RICHARD ROE GLENN.

### DEATH BY WRONGFUL ACT—CONFLICTING STATUTES—REPEAL BY IMPLICATION.

Under the rule that, where statutes upon the same subject-matter are irreconcilable and repugnant, the latest legislative enactment shall stand as the law, and repeal the prior enactment by implication, § 717, Code 1881, providing for recovery of damages for death caused by the wrongful act of another, is superseded by § 8 of the code on the same subject-matter, the latter having been subsequently enacted. (HOYT J., dissents.)

*Appeal from Superior Court, Spokane County.*

The facts in the case are stated in the opinion.

*David Herman, James Dawson,* and *W. C. Jones,* for appellants.

*Turner & Graves,* for respondents.

The opinion of the court was delivered by

ANDERS, C. J.—This was an action to recover damages for the death of L. W. Graetz, alleged to have been caused by the negligent act of the defendants, and was brought by the surviving wife and child of the deceased. The court below sustained a demurrer to the complaint on the ground that the plaintiffs had no legal capacity to sue, and accordingly gave judgment for defendants. The action was brought under § 8 of the Code of Washington, which reads as follows:

"The widow, or widow and her children, or child or children, if no widow, of a man killed in a duel shall have a right of action against the person killing him, and against the seconds, and all aiders and abettors. When the death

of a person is. caused by the wrongful act or neglect of
another, his heirs or personal representatives may maintain
an action for damages against the person causing the death;
or when the death of a person is caused by an injury re-
ceived in falling through any opening or defective place in
any sidewalk, street, alley, square or wharf, his heirs or
personal representatives may maintain an action for dam-
ages against the person whose duty it was, at the time of
the injury, to have kept in repair such sidewalk or other
place. In every such action the jury may give such dam-
ages, pecuniary or exemplary, as, under all circumstances
of the case, may to them seem just."

Sec. 717 of the code is as follows:

"SEC. 717. When the death of a person is caused by the
wrongful act or omission of another, the personal repre-
sentatives of the former may maintain an action at law
therefor against the latter if the former might have main-
tained an action, had he lived, against the latter, for an
injury caused by the same act or omission. Such action
shall be commenced within two years after the death, and
the damages therein shall not exceed five thousand dollars,
and the amount recovered, if any, shall be administered as
other personal property of the deceased person."

The only questions presented in this case for the deter-
mination of this court are, can these two sections, 8 and
717, be so reconciled with each other as to stand together
as valid and independent enactments? And, if not, which
of the two must yield to the other? The views of the
learned counsel for the respective parties in most respects
are entirely coincident. By both sides it is claimed, and
justly, too, that the code should be regarded as one act or
body of law, and that each of its provisions should be so
construed as to harmonize with every other, if possible, so
as to work no repeal of any part. But counsel for appel-
lants insist that there is no real conflict between the two
sections, and urge that the object and intent of the legisla-
ture in passing § 8 was to provide a remedy for the heirs.

distinct from that in favor of the creditors, or rather of the estate of the deceased, provided for by § 717, and that there can be no legal objection to permitting two actions for the same negligent act when two wrongs are thereby inflicted upon two different persons. It is not denied, on the other hand, that the legislature might subject a party to two actions if two wrongs are thereby committed; but it is insisted that the legislative intent to do so must be clear and unequivocal, and that no such intention is manifested in the two sections under consideration; and we think this latter proposition is undoubtedly true. By § 8, either the heirs or personal representatives, but not both, may bring the action therein provided for, and recover such damages, pecuniary or exemplary, as to the jury may seem just under the circumstances. By § 717 the personal representatives may bring the action within two years after the death, but the amount of the recovery is limited to $5,000, and the sum recovered is administered as other personal property of the deceased person. Here, then, we have the same persons authorized to maintain two different actions against the same party or parties, for the same wrongful act, in one of which not more than $5,000 may be recovered, and in the other any amount that may to the jury, under the circumstances, seem just; and in both of which the same parties, the heirs, may be beneficiaries, in whole, or in part. If the action be brought under § 8 by the personal representatives, the heirs may be the beneficiaries; if by the heirs themselves, then they certainly are the parties entitled to the amount recovered; and if the action be brought under § 717, and there are no debts, or if the debts do not equal the amount of the recovery, the remainder will go to them by operation of law, as other personal property of the decedent. While we recognize the well established principles of law that repeals by implication are not favored, and that it ought not to be presumed that the legislature intended

to place or keep contradictory enactments in the code, or to repeal a law without expressing an intention to do so, we are nevertheless unable, by the application of any of the rules of statutory construction, to reconcile these two sections of the code. Being absolutely repugnant to each other, which must stand and which must fall? The learned counsel for respondents insist that there is but one rule of construction that can be adopted, and that is that § 717 must be taken as the latest expression of the legislative will, and must therefore prevail. It is true that it is a general rule of construction that the last expression of the legislature is to be deemed the law, but it is not always true that a statute later in position is to be deemed to repeal an earlier one on the same subject. In this instance the code itself provides its own rule for its construction in the following language:

"SEC. 761.   The provisions of this code, so far as they are substantially the same as existing statutes, must be construed as continuations thereof, and not as new enactments."

This rule, if applicable to the case at bar, is mandatory. And it is applicable, for we find on examination that the two sections now in controversy are not only substantially, but exactly, the same as two statutory provisions existing at the time of the passage of that part of the code containing them, and which were originally passed at different times. The only effect of the codification was to continue them as originally passed, and the mere position now occupied by them in the code cannot be a guide to determine the latest expression of the legislative will. We are therefore relegated to the original acts themselves in order to determine which of the two irreconcilable provisions must give way.

The one last in time must be taken to be the law. The rule is thus laid down by Sutherland in his recent and valu-

able work on Statutory Construction, in speaking of repealing acts :

"Though a revision operates to repeal the laws revised, whether repugnant or not, those portions that are reënacted are continuations. The revision is, however, a reënactment, and to be alone consulted to ascertain the law when its meaning is plain; but when there is irreconcilable conflict of one part with another, the part last enacted, in the original form, will govern."

Section 156, p. 210. In this instance, it must be remembered, he was speaking of revisions which did not contain a provision that the laws contained therein should not be deemed new enactments; and, of course, the reason for the rule is still stronger under codes or revisions like ours. Again the same author speaking on the same subject, says, at page 216, § 161:

"Where two statutes *in pari materia*, originally enacted at different periods of time, are subsequently incorporated in a revision, and reënacted in substantially the same language, with the design to accomplish the purpose they were originally intended to produce, the times when they first took effect will be ascertained by the courts, and effect will be given to that which was the latest declaration of the will of the legislature, if they are not harmonious.  .  .  .
The appearance of such a statute in the form and body of a revision has no other effect than to continue it in force."

The same rule is also laid down substantially in Endlich on Interpretation of Statutes, in §§ 183 and 203, in the latter of which he makes reference to our code. In *Winn v. Jones*, 6 Leigh, 76, the court, speaking of irreconcilable sections of the Code of Virginia, and referring to the original law, used this language:

"If there be any inconsistency between them, this last must prevail, for in the construction of the laws reënacted at the revisal, we must, in case of irreconcilable difference, look to the dates of the original statutes, in order to ascertain the last declaration of the legislative will."

See, also, *Ex parte Ray*, 45 Ala. 19; *Blackford v. Hurst*, 26 Grat. 206; *Hurley v. Town of Texas*, 20 Wis. 634; *Scheftels v. Tabert*, 46 Wis. 439 (1 N. W. Rep. 156); *State v. Heidorn*, 74 Mo. 410; *United States v. Bowen*, 100 U. S. 508; *O'Neal v. Robinson*, 45 Ala. 526, 537; *Mobile Sav. Bank v. Patty*, 16 Fed. Rep. 751. Recurring to the law upon the question now before us as it stood at the time of the adoption of the Code of Washington, we find that § 717 of the code is identically the same as § 656 of the act of November 13, 1873, entitled "An act to regulate the practice and procedure in civil actions," and which repealed all acts or parts of acts theretofore enacted upon any subject-matter therein contained. Section 8 of that act contains the first provision now embodied in § 8 of the code, but no other, and reads as follows:

"The widow, or widow and her children, or child or children, if no widow, of a man killed in a duel, shall have a right of action against the person killing him and against the seconds, and all aiders and abettors, and shall recover such a sum as to the jury shall seem reasonable."

The remaining portion of § 8 was originally embodied in the act of November 12, 1875 (Laws 1875, p. 4). The provisions of § 8 of the act of November 13, 1873, and those of the act of November 12, 1875, were brought forward and "continued" as § 8 of the code. It is thus seen that § 8, or at least that portion of it involved in the present controversy, is the latest declaration of the will of the legislature, and, according to the rule of construction laid down by the authorities above cited, must be held to be the law. It follows that the court erred in sustaining the demurrer to the complaint.

The judgment of the court below is therefore reversed, and the cause remanded with instructions to orerrule the demurrer and to proceed according to law.

SCOTT, DUNBAR and STILES, JJ., concur.

HOYT, J., dissents.