| 3  | 225  |
|----|------|
| 5  | 262  |
| 28* | 333 |
| 29* | 263 |
| 31* | 870 |
| 3  | 225  |
| 26 | 490! |
| 3  | 225  |
| 33 | 420  |

[No. 203.  Decided November 25, 1891.]

NORTHERN PACIFIC RAILROAD COMPANY, *Appellant*, v. J. C. ELLISON, *Administrator of the Estate of Thomas Ellison, deceased, Respondent.*

CONFLICTING STATUTES—REPEAL BY IMPLICATION:

Sections 8 and 717, Code 1881, upon the same subject-matter, being irreconcilab y repugnant, and neither of them as found in the code being a new enactment, but only a continuation of a previous provision, § 717 is impliedly repealed by § 8, which is the later declaration of the legislative will.

*Appeal from Superior Court Kittitas County.*

The facts are sufficiently stated in the opinion.

*Mitchell, Ashton & Chapman,* for appellant.

*Turner & Gaby,* for respondent.

The opinion of the court was delivered by

ANDERS, C. J.—This was an action brought by respondent as administrator to recover damages for the death of his intestate, alleged to have been caused by the negligence of appellant. Many interesting questions are presented in the record, and most ably and thoroughly discussed in the briefs of the learned counsel for the respective parties, but it is unnecessary for us to here determine them. As we view it, this case must be governed by the authority of *Graetz v. McKenzie, ante,* p. 194, decided at the present session of this court. That action was based upon § 8 of the Code of Washington, and the only question presented for our determination were whether or not §§ 8 and 717 of the code were irreconcilably repugnant to each other, and, if so, which of the two sections should prevail. And this court, after mature deliberation, held that the two sections could not be harmonized

15—3 WASH.

with each other; and, as neither of them as found in the code was a new enactment, but only a continuation of a previous provision, it further held that § 8, being the later of the original enactments, was the last declaration of the legislative will, and therefore repealed § 717, which relates to the same subject-matter. As asserted in the brief of counsel for respondent and evinced by the complaint itself, this action was brought under the latter section. But if it should be conceded that it was brought under § 8, then the complaint is obnoxious to the objection of appellant that it fails to allege the existence of any surviving heirs of the deceased who would be entitled to the benefit which might be realized by a recovery of damages. In either case the action must fail.

The judgment of the court below is therefore reversed, and the cause dismissed without prejudice to any new action that may be authorized by law.

DUNBAR, SCOTT and STILES, JJ., concur.

HOYT, J., concurs in the result.

## ON PETITION FOR RE-HEARING.

ANDERS, C. J.—The learned counsel for the respondent, in his petition for a re-hearing in this case, calls our attention to the fact that in the opinion heretofore filed in the case of *Graetz v. McKenz e, ante,* p. 194, upon the authority of which this case was decided, we omitted to make any reference to the act to regulate the practice and procedure in civil actions, approved November 8, 1877, and insists that if that act had been considered, the rule of statutory construction laid down in *Graetz v. McKenzie,* and followed in this case, would have conducted the court to a different conclusion from that announced in our former opinion. But we are unable to adopt the views of counsel as to the effect of that act. It was simply a reënactment of the practice act of 1873, as amended by the act of

November 12, 1875. That part of § 8 of the code which we held repealed § 717 was brought forward from the act of 1875, where it originally appeared, and reënacted in the act of 1877 in the identical language of the former, as § 8 of the latter act. Laws 1877, p. 4. And § 656 of the act of November 13, 1873, is designated as § 721 in the reënactment, and appears in the code of 1881 as § 717. These sections of the Laws of 1873 and of 1875, embodied in the act of 1877, cannot be treated as new enactments and construed on the theory that they had no prior existence, but must be considered as continuations of former laws. See Sutherland on Statutory Construction, § 161. And had we been called upon to construe these statutes as they stood in the act of 1877, without reference to the code, we would have been obliged to refer to the original enactments in order to ascertain the latest expression of the legislative will, notwithstanding the act itself purported to repeal all laws on the same subject. Such a repealing clause must be held to affect only those laws which are not in the same language as the repealing statute. We can readily see how a law can be continued in force by reenacting it, but we are unable to perceive how it can be repealed by that means. It may thus be transferred from one statute to another, but it is still the same law, and no rights can be affected merely by the change of position. We, therefore, see nothing in the statute referred to by counsel to cause us to change our opinion in this case.

We are free to say that it would have been more satisfactory to us to have based our decision upon the facts presented by the record, rather than upon the validity of the statute, but having decided in the Graetz case that § 8 repealed § 717 of the code, upon which this action was founded, it did not seem to be consistent to hold that an action under that section could be supported.

Having disposed of the principal question presented by

counsel in his argument, and which is the controlling one in the case, it is unnecessary to refer to other matters discussed by him.    The petition is denied.

Scott, Dunbar, Hoyt and Stiles, JJ., concur.