# O'Kief, Admr. *v.* Memphis & Charleston R. R. Co.

*Action to recover Damages for the Death of Employee of a Railroad Company.*

1. · *Action by administrator of deceased employee must be brought within one year after the cause of action accrues.*—An action against a railroad company by the administrator of a deceased employee, to recover damages for the alleged negligent killing of his intestate, must be commenced within one year after the cause of action accrued, as provided by subdiv. 6, section 2619 of the Code of 1886; and is not governed by section 2589.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. H. C. SPEAKE.

This action was brought by the appellant, Dennis O'Kief, as administrator of John O'Kief, deceased, under the Employers' Liability Act, to recover damages for the killing of plaintiff's intestate, while in the employ of defendant, which was alleged to have been caused by the negligence of those under whose orders and control his intestate was acting; and who, as his superiors in authority, had charge of the train, and to whose orders the deceased was bound to conform. The death of the plaintiff's intestate occurred on De-

cember 25, 1886, plaintiff was appointed administrator of his estate January 21, 1887, and this action was begun on November 19, 1888—one year, 10 months and 24 days after the date of his killing.

Among other pleas the defendant pleaded the statute of limitations of one year, under subdivision 6 of section 2619 of the Code. Demurrers to this plea, raising the question of the application of the statute of limitations of one year to a case like the present, to recover from the employer damages for the death of an employee, were interposed by plaintiff, and were overruled by the court. The court, at the request of the defendant, gave the general affirmative charge in its behalf, to the giving of which charge the plaintiff duly excepted.

The plaintiff requested charges presenting his contention, that the statute of limitations of one year did not apply to a case like the present one; the court refused to give such charges, and plaintiff separately excepted, The single question presented is whether the statute of one year under subdivision 6 of section 2619 of the Code controls this case, or whether it is governed by section 2589 of the Code of 1886.

There was judgment for the defendant, and plaintiff appeals.

ROULHAC & NATHAN and J. B. MOORE, for appellant.—The limitation of an action founded on a statute must be imposed by the statute creating the right; and when not so imposed it is governed by the common law.—*Rhodes v. Turner*, 21 Ala. 217; *McArthur v. Carrie's Admr.* 32 Ala. 88; *Austin v. Jordan*, 35 Ala. 643; *Harrison v. Harrison*, 39 Ala. 499. The original act under which this suit is brought does not contain any limitation as to the time an action must be commenced.—Acts 1884-5, p. 115, Code, § 2591. The general statute of limitations governing suits for personal injuries is not broad enough to embrace a suit by the personal representative for the killing of his intestate.—Code, § 2619, subdiv. 6. The actions governed by this subdivision of section 2619 are for injuries to the person; and it is not applicable to actions brought to recover damages for negligence resulting in death. An action by the representative is not for injuries to the person only, but for the result of those injuries; and is not governed by the statute of limitations of one year.—*James v. R. & D. R. R. Co.*, 92 Ala. 235; *McAdory v. L. & N. R. R. Co.*, 94 Ala. 272; *L. & N. R. R. Co. v. Orr*, 91 Ala. 548.

[Trufant et al. v. White & Co.]

Humes, Sheffey & Speake, *contra.*—When a statute creating a right is silent as to the limitation of an action, the general statute of limitations applies.—2 Rorer on Railroads, pp. 1447, 1448. A claim of damages against a railroad company on account of injuries is governed by the general statute of limitations.—*M. & M. R. R. Co. v. Crenshaw*, 65 Ala. 567; *Nicholson v. M. & M. R. R. Co.*, 49 Ala. 205; *Huss v. C. R. R. & B. Co.*, 66 Ala. 472; *Hughes v. Anderson*, 68 Ala. 280. This is an action for personal injuries; the statute creating the action denominates the action as being for "personal injuries."—Code of 1886, §§ 2590, 2591. It is, therefore, governed by section 2619 of the Code, subdiv. 6. The foundation of an action like the present is the injury which caused the death, and not merely the effect of death itself.—1 Shearman & Redfield on Evidence (4th Ed.), § 140; *L. & N. R. R. Co. v. Orr*, 91 Ala. 548. An action for wrongfully causing death by negligence is an action for personal injuries.—*Titman v. New York*, 57 Hun 469; 10 N. Y. Sup. Rep. 689; 32 N. Y. Sup. Rep. 106; 42 Albany Law Journal, 328.

STONE, C. J.—The majority of the court holds that the limitation of one year bars this action, and that, for that reason, the Circuit Court did not err in giving to the jury the general charge, to find for the defendant, if they believed the evidence. The question is, whether section 2589, or section 2619, subdiv. 6, controls this action.

Affirmed.