[No. 532. Decided November 30, 1892.]

MARY DAHL et al., Appellants, v. H. L. TIBBALS, Respondent.

APPEAL—NOTICE—NEGLECT OF CLERK TO MAKE JOURNAL ENTRY—BOND—TIME OF FILING—PARTIES—DEATH BY WRONGFUL ACT—REPUGNANT STATUTES—REPEAL BY IMPLICATION.

Where written notice of appeal is served and filed within the proper time, the appeal will not be defeated by the failure of the clerk to enter the notice in the journal of the court below.

The fact that an appeal bond is dated anterior to the notice of appeal will not invalidate the appeal, when the bond is not approved and filed until the day upon which the notice is given.

Under Code Proc., § 1408, it is not necessary that the appellant should sign an appeal bond as principal, in order to render the bond effective.

Section 703, Code Proc. (Code 1881, § 717), authorizing actions for death by wrongful act or omission to be brought by the personal representatives of a decedent, being irreconcilably repugnant to § 138, Code Proc. (Code 1881, § 8), which allows such action to be prosecuted by the heirs or personal representatives of the decedent, is necessarily repealed by § 138, which is a later enactment by the legislature.

*Appeal from Superior Court, Jefferson County.*

*Tyler, Hays & Tyler,* for appellants.

*A. R. Coleman,* and *W. S. Bush,* for respondent.

The opinion of the court was delivered by

ANDERS, C. J.— The respondent moves the court to strike this cause from the calendar for the reasons: ( 1 ) That the notice of appeal was not recorded in the journal of court below as required by law. ( 2 ) The bond filed in this cause is not executed by the guardian *ad litem* as one of the principals, and refers to an appeal taken prior to or on February 20, 1892. No notice of appeal was given or filed until February 23, 1892.

The first ground of the motion is evidently based upon the statutory provision that when the notice of appeal is given in writing, and not in open court, it shall be entered in the journal by the clerk. It is not objected that the notice was not properly given or served, but simply that it was not entered in the journal. The record before us shows that the notice was served and filed, but fails to show that the clerk entered it in the journal, as he should have done in accordance with the provisions of the statute. The statute does not seem to make it the duty of the appellant to cause the entry to be made by the clerk. It simply requires him to serve his notice upon the proper parties within a given time, and to file the original, with a

return or acceptance of service thereon, with the clerk of the court wherein the action was tried, and when he has done that, and the record shows it, we think he ought to have his case tried in this court upon the merits, notwithstanding the fact that no entry thereof has been made upon the journal. The entry was no doubt required by the legislature to preserve the notice as a part of the history of the trial, and not to make the appeal effectual. It is desirable that such entry should be made in all cases. But the appeal is taken, in fact, as soon as a proper notice is served and filed, and will not be defeated by a mere failure to enter the notice in the journal by the clerk. The first ground is, therefore, not well taken.

And the second is equally untenable. The notice of appeal was given and filed on February 23, 1892, and the appeal bond was approved and filed on the same day. The statute requires the bond to be filed within five days after the notice of appeal is given, and this bond was certainly filed in time. The learned counsel for the respondent assume the position that, inasmuch as the bond appears to be dated on February 20, 1892, it necessarily refers to an appeal taken on or before that date. In this we think counsel are in error. The surety justified on the 23d day of February, on which day, as we have already said, the bond was filed. It then became effective and not before. The authorities cited by counsel to sustain their contention are to the effect that the notice of appeal must precede the filing of the bond. But here it is not shown that the notice was given subsequently to the filing of the bond, and the cases cited are, therefore, not in point. The notice in this case is presumed to have been filed prior to the filing of the bond, both having been filed on the same day. *Poppleton v. Nelson*, 10 Or. 437.

Nor can the fact that the guardian *ad litem* of the minor plaintiffs did not sign the bond as principal avail counsel in this

action.    All that the law requires is that a bond shall be executed, on behalf of appellant, by one or more sureties, to the effect, etc.  Code Proc., § 1408.    If the respondent conceived this bond to be defective, he should have moved the supreme court, on ten days' written notice to the appellants, to discharge it as provided by law.  Code Proc., § 1421. The matter would then have been properly before the court, and, if the bond had been found insufficient, the appellants would have had the right and the opportunity to file a sufficient one.    The motion must be denied.

## ON THE MERITS.

This action was brought by appellant Mary Dahl, and her three minor children, widow and children of O. H. Dahl, deceased, against the respondent for the purpose of recovering damages for wrongfully causing the death of the said O. H. Dahl.    An answer was filed to the complaint, and the cause set for trial by jury.    But before the commencement of the trial the defendant moved the court to dismiss the action on the ground that the statute under which it was brought had been repealed and that the court had therefore no jurisdiction to hear and determine the cause. The court granted the motion and dismissed the action at the cost of plaintiffs, and the plaintiffs appealed.    It is claimed that the action is based upon § 8, Code 1881 (Code Proc., § 138), which confers a right of action in cases of this character upon the heirs or personal representatives of the deceased.    In *Graetz v. McKenzie*, 3 Wash. 194 (28 Pac. Rep. 331), and *Northern Pacific R. R. Co. v. Ellison*, 3 Wash. 225 (28 Pac. Rep. 333), this court held § 8 to be the existing law upon the subject of which it speaks, and not § 717, Code 1881 (Code Proc., § 703), though the latter section is later in position in the statute.    The court below ruled contrary to those decisions, and the counsel for the respondent, in a very learned and elaborate argument,

in their brief, undertake to show us that the judgment of the lower court ought to be sustained. They concede, however, that the two sections are irreconcilably repugnant to each other and cannot stand together, but insist that the latter section should be declared to be the law and not the former. Both sections purport to give a right of action against a person who wrongfully causes the death of another. By the former section the heirs, or the personal representatives of the deceased, may sue as plaintiffs, while by the latter only the personal representatives are authorized to maintain the action. The defendant claimed that the action was instituted under the wrong section of the statute. And the real question before the court was not one of jurisdiction, but of the capacity of the plaintiffs to sue, in this particular case. If either section is valid, the court had jurisdiction of the subject matter of the section, and should not have dismissed it, for the reasons stated.

As to our construction of these two sections of the code, in the cases above mentioned, all we need to say is, that if our conclusion was erroneous, no right of action for the redress of any wrong was thereby cut off. The sole object of such statutes is to give a right of action for damages in favor, or for the benefit, of those who may be deprived of support and maintenance by death caused by the wrongful "act or omission of another." No such right of action existed at common law, and, as we have just intimated, the right given by the legislature has not been abridged or destroyed by our former rulings in regard to these statutes. And as uniformity as well as accuracy of decision is desirable, we see no sufficient reason for overruling the decisions heretofore made by this court.

The judgment is reversed, and the cause remanded for further proceedings.

STILES, DUNBAR and SCOTT, JJ., concur.