# City Council of Sheffield v. Harris.

*Action against a Municipal Corporation for Damages for Personal Injuries.*

1. *An action against city for personal injuries; amendment of complaint; statute of limitations.*—In an action against a city for personal injuries, the complaint as originally filed, alleged that defendant's servants, while getting out gravel, negligently left an unexploded dynamite cartridge at the place where they were digging; that while plaintiff was subsequently working at the same place the cartridge exploded, &c., and caused the injuries complained of. A new count, added by amendment, alleged that defendant, through its agent intrusted with the superintendence of the work, buried a dynamite cartridge at the place where plaintiff was put at work, without any notice to plaintiff, and that it exploded while plaintiff was so at work, causing his injuries. *Held:* that such additional count did not state a new cause of action, but it related back to the commencement of the suit, and is not affected by the statute of limitations, provided the action was originally commenced within the statutory period.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. H. C. SPEAKE.

This action was brought by the appellee, Joe Harris, against the City Council of Sheffield, to recover damages for personal injuries, which were inflicted through the alleged carelessness or negligence of the defendant, its servants or agents, upon the plaintiff, while working for the defendant. The injuries complained of were received on the 16th day of April, 1889, and the suit was originally instituted on April 14th, 1890. As originally filed the complaint contained two counts, the substance of the allegations of which are sufficiently stated in the opinion. To each of these counts the defendant demurred on several grounds, which demurrers were overruled.

On March 24, 1892, the plaintiff amended his complaint by adding a third count, which, after averring that the defendant was a municipal corporation, and was engaged in repairing its streets with dirt and gravel, averred as follows: "That said defendant had on said 16th day of April, 1889, and prior to that time a number

of workmen engaged in digging sand gravel and dirt by use of picks and dynamite cartridges; that prior to said date the defendant, through its agents and employés entrusted with the superintendence of said work, buried a dynamite cartridge at the place where said gravel was being dug, and left it there unexploded without giving notice or warning to any one that it was so buried, knowing that it was dangerous to leave it in that hidden place unexploded, and that it was endangering the lives of persons who might be engaged in digging gravel, yet the defendant, its agents or employès, as above stated, carelessly and recklessly and without having any regard for the safety of persons digging gravel at that place, left said dynamite cartridge so buried without giving any signs or warning of danger, and suffered it so to remain. And on the 16th day of April, 1889, plaintiff was employed by defendant to work on said streets and avenues and was required to dig gravel for that purpose, and instructed to dig where defendant had hid and buried said dynamite; and plaintiff, not knowing that dynamite was buried at said place, began digging gravel and without seeing said dynamite cartridge, or knowing it was there, struck it while digging gravel, and caused it to explode whereby plaintiff was knocked ten or fifteen feet, his body mangled and bruised, and one eye put entirely out and large pieces of rock and gravel were blown into his body by the explosion of said dynamite to his damage to the sum of eight thousand dollars. And plaintiff avers that he suffered great physical and mental pain, was confined to his bed five or six months and he incurred great expenses in procuring medicine, medical and surgical treatment in and about his injuries to the amount of two hundred dollars. And plaintiff claims as special damage two hundred dollars for expenses incurred in and about said injuries, for medicine and medical treatment, and he claims as damages the sum of eight thousand dollars for injuries sustained by him through the negligence and carelessness of said defendant and its agents and employès."

The defendant pleaded the general issue, and to the complaint, as amended by the addition of the third count, filed several pleas, in which it was set up that said count was the introduction of a new cause of action, and that said amended complaint was barred by the statute of limitations of one year.

Upon the trial of the cause, as is shown by the bill of exceptions, the evidence shows that the plaintiff sustained the injuries complained of on the 16th day of April, 1889, and that the amended complaint was filed, as above stated, on March 24, 1892. The court, having charged the jury at the request of the defendant, that plaintiff could not recover on either the first or second count of the complaint, at the request of the plaintiff gave to the jury the following written charge: "I charge you, gentlemen of the jury, that this suit is not barred by the statute of limitations." To the giving of this charge the defendant duly excepted, and also excepted to the court's refusal to give the general affirmative charge in its behalf.

There was judgment for the plaintiff, assessing his damages at the sum of $375. The defendant appeals, and assigns as error the rulings of the court in overruling the demurrers to the first and second counts of the complaint, the giving of the charge asked by the plaintiff, and the refusal to instruct the jury as requested by the defendant.

Jo. H. NATHAN, for appellant.

KIRK & ALMON, contra.—The amendment of the complaint by the addition of the third count related back to commencement of the suit, and was, therefore, not affected by the statute of limitations.—King v. Avery, 37 Ala. 169; Evans v. Richardson, 76 Ala. 329; Mohr v. Lemle, 69 Ala. 180; Dowling v. Blackman, 70 Ala. 308; Stringer v. Waters, 63 Ala. 361.

BRICKELL, C. J.—1. On the former appeal in this case (101 Ala. 564) we held that if there was error in overruling the demurrers to the first and second counts of the complaint—as to which we expressed no opinion— it was error without injury. The same observation applies on the present appeal. The court charged, as shown by the bill of exceptions, that the plaintiff was not entitled to recover under either of those counts.

2. The trial was had on the third count, which, on the former appeal, we held sufficient on demurrer. The sole question open to review, is presented by the bill of exceptions in connection with the plea of the statute of

limitations of one year. It appears that the injuries complained of were received on the ·16th day of April, 1889, and suit was brought within less than one year thereafter. The complaint originally consisted of two counts. The third count, allowed by way of amendment, was not filed until the 24th day of March, 1892. If the effect of this count was to introduce a new cause of action, the bar of the statute was complete.—Code of 1886, § 2619, sub-div. 6; *O'Kief v. M. & C. R. R. Co.*, 99 Ala. 524. But if the count merely varies the allegations as to matters already in issue, a new cause of action is not introduced, and it relates back to the commencement of the suit.—*Bradford v. Edwards,* 32 Ala. 628; *Ala. Gr. So. R. R. Co. v. Arnold,* 80 Ala. 600; *West. Un. Tel. Co. v. Way,* 83 Ala. 542; *Western U. Tel. Co. v. Henderson,* 89 Ala. 521. It was alleged, in substance, in the complaint originally filed, that the servants of the defendant, while engaged in getting out gravel for use on the streets, negligently left an unexploded dynamite cartridge buried at the place where they were digging; and that while the plaintiff, who was also a servent, was subsequently working at the same place, the cartridge exploded, inflicting serious injury upon him. It was also alleged that plaintiff "was ordered by said agents, employès or servants of defendant to go to said place * * * and to dig up gravel and * * * that he did, then and there under said orders, proceed to dig up said gravel at said place, under said orders," &c. We cannot perceive wherein the amended count departs in any material respect from the original counts in stating the time, circumstances or cause of the injury. It did not introduce a new cause of action, and the court did not err in so charging.

The judgment must be affirmed.