[No. 3863.  Decided December 6, 1901.]

LILLIAN M. ROBINSON *et al., Appellants,* v. BALTIMORE AND SEATTLE MINING & REDUCTION COMPANY, *Respondent.*

DEATH BY WRONGFUL ACT — ACTION BY WIDOW AND CHILD — LIMITATIONS.

Under Bal. Code, § 4828, which allows the heirs or personal representatives of one whose death is caused by the wrongful act or neglect of another to maintain an action for damages against the person causing death, and under Bal. Code, § 4800, which limits the commencement of actions for any injury to the person or rights of another to a period of three years after the cause of action shall have accrued, the widow and minor children of one whose death is caused by the wrongful act of another have a right of action therefor which may be commenced at any time within three years from the injury.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Reversed.

*Richard Gowan* and *Preston, Carr & Gilman,* for appellants.

*Piles, Donworth & Howe,* for respondent.

The opinion of the court was delivered by

WHITE, J.—This is an appeal from a final judgment sustaining a demurrer to plaintiffs' complaint, dismissing the action, and awarding costs to defendant. The demurrer is on the following grounds: . (1) That it appears upon the face of the complaint that the above entitled action has not been commenced within the time limited by law; (2) that it appears upon the face of the complaint that the above entitled action was not commenced within. two years after the death of Ralph W. Robinson; (3) that it appears upon the face of the complaint that the complaint does not state facts sufficient to constitute a cause of action. The action was brought by Lillian M. Robinson as the surviving widow of Ralph W. Robinson, and as guardian *ad litem* of Clifford R. Robinson, infant child of said Lillian and Ralph W., to recover damages for the death of Ralph W. Robinson, alleged to have been occasioned by the negligence of the defendant. Plaintiff Clifford Ralph Robinson is an infant of the age of four years. On the 9th day of August, 1900, by order of the superior court of King County, the plaintiff, Lillian. M. Robinson, was appointed guardian *ad litem* of the said Clifford Ralph Robinson, for the purpose of prosecuting this action, which was commenced on the 9th day of August, 1900, as appears from the clerk's file mark on the complaint. It is alleged in the complaint that the death of said Ralph W. Robinson occurred on the 27th day of July, 1898, or two years and thirteen days prior to the commencement of this action. The sole ground urged against the complaint in the briefs is that the action was barred by the statute of limitations, the respondent contending that two years is the time limited in which the action might be brought, and the appellants contending

that three years is the time in which the action could be brought.

It is conceded that the right of action for damages for injuries resulting in death is purely statutory, and that at common law no such action could be maintained. In 1854, the legislature of the territory of Washington, in an act entitled "An act to regulate the practice and proceedings in civil actions," declared:

"No action for a personal injury to any person, occasioning his death, shall abate, nor shall such right of action determine by reason of such death, if he have a wife and child living; but such action may be prosecuted, or commenced and prosecuted, in favor of such wife, or in favor of the wife and children, or if no wife, in favor of such child or children." Session Laws 1854, p. 220, § 495.

This act was re-enacted in 1863 (Session Laws 1863, p. 195, § 536); was re-enacted in 1869 (Session Laws 1869, p. 6, § 18); was re-enacted in 1873 (Session Laws 1873, p. 6, § 18); was codified in the Laws of 1881, § 18, p. 37, and is the same section as § 4838, Bal. Code. In 1854 the legislature of the territory of Washington, in an act entitled "An act regulating the time within which civil actions may be commenced," declared that actions could only be commenced within the following periods after the cause of action shall have accrued (§ 4): "Within three years;   .  .     2d. An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, *or for any other injury to the person or rights of another,* not hereinafter enumerated." Sec. 7: "An action for relief not hereinbefore provided for shall be commenced within two years after the cause of action shall have accrued." Session Laws 1854, pp. 362-364, §§ 1, 4, 7. These various pro-

visions were re-enacted in 1863 (Session Laws 1863, p. 85, §§ 16, 19, 22); were re-enacted in 1869 (Session Laws 1869, p. 8, §§ 25, 28, 32); were codified in the laws of 1881, §§ 25, 28 and 33, pp. 39, 40, and are §§ 4796, 4800 and 4805, Bal. Code.

It is a well known principle of law that when a statute is re-enacted it is but a continuance of the law as first enacted. *Mudgett v. Liebes,* 14 Wash. 482 (45 Pac. 19).

As early as 1854 the legislature had provided that for personal injuries occasioning the death of a husband and father, a right of action existed and might be commenced and prosecuted in favor of the wife and children. At the same time it was also provided that for any "injury to the person or rights of another" the action should be commenced within three years after the cause of action should have accrued. Section 7 of the act of 1854, providing a two years period for actions for relief not before pro-. vided for, had no relation to actions for an "injury to the person or rights of another," for that was a matter before provided for. As the mere re-enactment of these statutes is but a continuance of the law as it was when first enacted, it follows that § 4805, Bal. Code, has no relation to actions for injuries to the person or rights of another, provided for by § 4800; that section and § 4805 being but §§ 4 and 7 of the laws of 1854. The respondent says that the right of action for death by wrongful act was first given in 1869 (Laws 1869, § 658), and the appellants say that at the time of the enactment of the original statute of limitations in 1854 there existed no authority for bringing an action for death by wrongful act. Both respondent and appellants are in error, and seem to have overlooked § 495, p. 220, Laws 1854, which we think clearly gave a right of action for injuries occasioning death. This law was enacted simultaneously with, ·or

prior to, the statute of limitations of 1854. By the death of the husband and father the plaintiffs in this action were injured in their rights. They had a right to look to the person killed by the accident for support and maintenance, and it was for this reason that the wife and children were given the right under § 495, p. 220, Laws 1854, to commence and prosecute an action after the death of the injured husband and father. We have heretofore held that,

"The sole object of such statutes is to give a right of action for damages in favor or for the benefit of those who may be deprived of support and maintenance by death caused by the wrongful act or omission of another." *Dahl v. Tibbals,* 5 Wash. 259 (31 Pac. 868).

Section 495, p. 220, Laws 1854, nowhere limits the injury to the person suing, and there is no reason for so limiting it. The words "injury to the person" apply as well to an injury to the deceased father and husband, for which the plaintiffs seek to recover, as an injury to the persons of the plaintiffs themselves. The action is not for an injury to the persons of the plaintiffs, but the gravamen of the action is negligence of the defendant causing the death of the deceased; or, in other words, "an injury to the person of another." One case comes as squarely within the terms of the statute as does the other. This section clearly means an injury to the person of another when that other is the plaintiff himself, or when that other is the injured party who has since died, and the action is being prosecuted by his widow and children. *O'Kief v. Memphis & C. R. Co.,* 99 Ala. 524 (12 South. 454); *Sheffield v. Harris,* 112 Ala. 614 (20 South. 955).

In 1869 (Laws 1869, p. 165, § 658), it was enacted:

"When the death of a person is caused by the wrongful act or omission of another, the personal representatives

of the former may maintain an action at law therefor against the latter, if the former might have maintained an action had he lived, against the latter, for an injury caused by the same act or omission. Such action shall be commenced within two years after the death, and the damages therein shall not exceed five thousand dollars, and the amount recovered, if any, shall be administered as other personal property of the deceased person."

It may be urged that this section effected a repeal of § 495, p. 220, Laws 1854, under the rule laid down in *Graetz v. McKenzie,* 3 Wash. 194 (28 Pac. 331). We held, however, in *Noble v. Seattle,* 19 Wash. 133 (52 Pac. 1013, 40 L. R. A. 822), that § 495, Laws 1854 (§ 4838, Bal. Code), is still in force. But, as we view the matter, the question of the repeal of § 495, Laws 1854, is immaterial, for the same right of action was given in 1875 without any change in the law limiting the time in which such action could be brought.

Section 658, Laws 1869, *supra,* gave to the personal representative a right to maintain an action where the death of a person is occasioned by the wrongful act or omission of another, and limited the recovery to not to exceed $5,000, and provided that *such* action should be commenced within two years after the death. The limitation provided in this section was special, and applied only to actions in favor of the personal representative. In 1875 (Laws 1875, p. 4, § 4; § 4828, Bal. Code), the legislature, in amending the law of 1873, relating to the practice and proceedings in civil actions, declared:

"Sec. 4. The following additional section shall follow section 8 as a new section in the chapter of said act of which this is amendatory, relating to parties to actions; that is to say, Section ... When the death of a person is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action

for damages against the person causing death or, when the death of a person is caused by an injury received in falling through any opening or defective place in any sidewalk, street, alley, square or wharf, his heirs or personal representatives may maintain an action for damages against the person whose duty it was at the time of the injury to have kept in repair such sidewalk or place. In every such action the jury may give damages, pecuniary or exemplary, as under all the circumstances of the case may to them seem just."

We have held that this act repealed § 658, Laws 1869, *supra*. *Graetz v. McKenzie, supra; Northern Pacific R. R. Co. v. Ellison,* 3 Wash. 225 (28 Pac. 333); *Dahl v. Tibbals, supra.*

We think this repeal went to the entire section, and we so held in *Northern Pacific R. R. Co. v. Ellison, supra*. This repeal included the two years limitation because the limitation provided in this section was not a general limitation but applied only to the action mentioned in the section repealed. We have also held that the word "heirs" in the act of 1875, repealing the act of 1869, must be restricted to mean only "widow," or "widow and her children," or "child or children," if no widow; that the word "heirs" has the same meaning as in § 495, Laws 1854, *supra* (§ 4838, Bal. Code). *Noble v. Seattle, supra.*

This being the case, the statute of limitations applying to actions in favor of the widow and children for injuries to the person of another or the rights of another, is the same when an action is waged under § 4828, Bal. Code, as it originally was under § 4838, Id. Under § 4, Laws 1854, p. 363 (§ 4800, Bal. Code), the time in which such actions could be brought was limited to three years from the injury. The injury alleged in the complaint occurred on the 27th of July, 1898, and the complaint was filed on August 9, 1900,—less than three years from the time of

the injury and therefore within the time prescribed by law.

The judgment of the court below is reversed, and this cause is remanded for further proceedings. The appellants to recover their costs on this appeal.

REAVIS, C. J., and FULLERTON, DUNBAR, ANDERS, MOUNT and HADLEY, JJ., concur.