[No. 515. Decided June 10, 1892.]

SCHOOL DISTRICT No. 81, SPOKANE COUNTY, *Respondent,*
v. GEORGE E. COLE, *Appellant.*

COUNTY TREASURERS—SCHOOL FUNDS—COMMISSION FOR RECEIPT AND
DISBURSEMENT—INTEREST.

A county treasurer, who is also *ex officio* treasurer of a school district of his county, is not entitled to a commission or percentage for receiving and disbursing the proceeds of certain school bonds of the district, whether he acted in the performance of such duties as the treasurer of the county, or of the district.

Where a county treasurer, having in his possession the funds of a school district, refuses "for want of funds" to pay a proper warrant drawn upon him, he is chargeable with interest on the whole sum in his hands from the date of his refusal to pay such warrant.

*Appeal from Superior Court, Spokane County.*

The facts are stated in the opinion.

*Jones, Belt & Quinn,* for appellant.

*Jones & Voorhees,* for respondent.

The opinion of the court was delivered by

HOYT, J.—Plaintiff was a school district organized under the law of March 26, 1890. It brought its action against the defendant, who was the county treasurer of the county in which said district was situated, to recover certain moneys alleged to be a part of the proceeds of bonds issued by said district under the provisions of the act of March 19, 1890. The answer of the defendant practically admitted the receipt of the money as stated in the complaint, but alleged that he retained the same as the compensation due him as county treasurer for receiving and disbursing the proceeds of said bonds. The only substantial question presented for our decision is, as to whether or not the provisions for the compensation of county treasurers, contained in § 2943, Code 1881, apply to money so received and disbursed. Several specifications of error are contained in the record and presented in the brief of appellant, but they all resolve themselves substantially into the proposition above stated.

Plaintiff, when organized under the provisions of the law above stated, became a body corporate with full powers to do the things specified in said act. The corporate authority was vested in a board of education. Such act contained the following provision:

"The county treasurer shall be the *ex officio* treasurer of the board of education; he shall prepare and submit to the secretary, in writing, on the first day of March, May, August and November of each year, a report of the state of the finances, and shall pay school moneys placed to the credit of the district only upon warrants signed by the president or by a majority of the board of education, and countersigned by the secretary." Gen. Stat., § 871.

From these provisions it will be seen that a certain person was, by the legislature, named as treasurer of the corporation created by said act, and that certain duties

devolved upon him as such treasurer. This being so, we think a person thus named became, to all intents and purposes, an officer of such corporation, and became responsible for all acts required of him by law in such capacity to such corporation, and must look to it under the law for compensation therefor. It does not follow from this that he may not do some acts which may incidentally inure to the benefit of such corporation while acting in the capacity of county treasurer, and be entitled to compensation therefor from the county. But when he acts under the direction of the law directly for such corporation, and within the scope of his duties as its treasurer, he must be held to be its agent, and not the agent of the county.

In what capacity did the defendant act in receiving the proceeds of said bonds and disbursing the same upon the order of the district? If he acted as county treasurer, then he would be entitled to compensation as such, unless from the provisions of the law relating to the issue and sale of said bonds, the intention not to compensate him affirmatively appears. If, on the contrary, he was acting for the district as its treasurer, the laws relative to the compensation of county treasurers would have no application whatever. It is contended by appellant that in the legislation relating to the issue and sale of said bonds, the acts performed by the defendant were imposed upon him as county treasurer by that name, and that for that reason it must be held that in discharging them he acted as such. We are unable to draw this conclusive presumption from the facts stated. In designating his as treasurer of the district, the legislature used the same language. It was "as county treasurer" that he was made such officer of the district, and for that reason legislation intended to apply to him in the capacity of an officer of the district could as properly describe him as county treasurer as to have designated him as the treasurer of the district. If defendant acted as

treasurer of the district in discharging the duties for which compensation is claimed, it is clear that he is not entitled to retain the sum mentioned in the complaint, or any part thereof, as compensation. The rule is well settled that a public officer is entitled only to such compensation as may be provided by law, and as there is no provision for the retention of any commission or percentage on moneys received and disbursed by the treasurer of districts organized under the act above cited, it of course follows that he can receive no compensation for duties performed as such officer. Not only is there no provision authorizing the retention of any commission or percent-- age, but from all the legislation relating to the issue of bonds by such districts, it affirmatively appears to our satisfaction that no such commission or percentage was authorized to be paid. If the act authorizing the issue of such bonds had been entirely silent as to the question of any payment for the necessary expenses incident to the issue and sale, there would be some reason for the argument that the legislature could not have intended that all this work should be done for nothing. But such is not the case. In two different sections of said act, provision is made for the payment of expenses incident to such issue. In § 4 it is provided that the county treasurer shall place the funds arising from the sale of said bonds to the credit of the special school fund, less fees for advertising, and in § 10 the county treasurer is authorized to present his bill to the board of directors of the school district for all incidental expenses, costs or charges that may arise in connection with the bond issue. These express provisions, which are broad enough to cover every expense and charge incident to the issue of said bonds, effectually negative any presumption that the legislature, by inadvertence, omitted to provide for the payment of such costs and charges as it thought proper to be paid by the district. If we should be of the opinion that

the contention of the appellant, that the defendant in discharging his duties connected with the issue of said bonds, and receiving and disbursing the proceeds thereof, acted strictly as county treasurer, and not at all as treasurer of the district, we should still be of the opinion that he was not entitled to retain from the proceeds of said bonds the commission claimed by him.  The provisions as to the disposition of the proceeds of said bonds in the act relating to the issue thereof are too positive, and too clearly express the intent of the legislature to have all of the proceeds thereof go to the credit of the district, less the proper expenses and charges incident to the issue, to allow us to hold that this commission or percentage can be deducted from such proceeds, in addition to such expenses and proper charges of the issue.  It is possible that in such a contingency the treasurer might have a claim against the county for his percentage for collecting and disbursing these moneys.  But we are not now called upon to consider that question.  It is enough for us to decide that the treasurer is not entitled to retain this percentage or commission from the funds of the district, whether in receiving and disbursing it he acted as the treasurer of the county or of the district.

Much has been said by the appellant as to the hardship of compelling the county treasurer to assume the large responsibility devolving upon him under the act relating to the issue of such bonds, and get no compensation therefor. It is suggested, also, that the construction of the statute which makes the county treasurer, when acting for such school district, the treasurer of the district, and not of the county, leaves such district at the mercy of its treasurer, as there is no provision requiring him to give bonds for the faithful discharge of his duties as such treasurer.  These suggestions would be appropriate if presented to the legislature, but can have little or no weight when presented to

a court. A person accepting the office of county treasurer after the passage of said act, takes it with the burdens imposed by law, and, so far as the provisions of said act applied to treasurers in office at the date of its enactment, they were probably at liberty to refuse to enter upon the discharge of the duties of the office of treasurer of such districts if they saw fit to do so.

Some argument was founded by the appellant upon provisions contained in the schedule to the constitution, but the view we have taken makes the determination of the questions arising thereon entirely unnecessary.

Objection is made to the instruction of the court, which allowed the jury to include in their verdict interest on the amount found due. In our opinion, this instruction was proper. From the date that the defendant refused, for want of funds, to pay the warrant drawn upon him, he was properly chargeable with withholding the whole sum then in his hands, and such sum would draw interest from that date.

The judgment must be affirmed.

ANDERS, C. J., and STILES, SCOTT and DUNBAR, JJ., concur.