[No. 2174.   Decided May 14, 1896.]

GEORGE MUDGETT, *Treasurer of Spokane County, Appellant*, v. GEORGE A. LIEBES, *City Comptroller of the City of Spokane, Respondent.*

OFFICERS — COMPENSATION — AMENDMENT AND RE-ENACTMENT OF
STATUTE.

An office is not abolished by a statute which repeals a portion of a former statute respecting the duties of the office but omits a provision as to compensation.

The attempt to deprive a county treasurer of the compensation which the law at the time of his election gave him for duties as city tax collector, while leaving him still under obligation to perform such duties, is in conflict with art. 11, § 8, of the state constitution, which prohibits the salary of an officer to be increased or diminished during his term of office.

Appeal from Superior Court, Spokane County.— Hon. JAMES Z. MOORE, Judge.   Reversed.

*Richardson & Williams*, for appellant.

*W. H. Plummer*, for respondent.

The opinion of the court was delivered by

GORDON, J.—The appellant was elected treasurer of Spokane county in November, 1894, and entered upon the discharge of his duties in January thereafter. By virtue of his election as such county treasurer he became *ex officio* tax collector of the city of Spokane with a salary of $500 for his services as tax collector, in addition to the salary allowed him as such county treasurer.   This action is brought by him against the respondent, as city comptroller of said city of Spokane, to compel the payment of the appellant's salary as such tax collector, for the months of April and May, 1895.

In answer to the alternative writ granted by the court below the respondent claimed that by the act of March 21, 1895 (Laws 1895, p. 407), appellant's right to any salary as such city tax collector was cut off. Upon the trial which followed, the court gave judgment for the respondent and dismissed the action. From this judgment appellant brings the cause here upon appeal.

His contention is that the act of March 21, *supra*, is unconstitutional in so far as it operates to take away or diminish his salary as *ex officio* tax collector, after his election and during his term of office. Sec. 8, art. 11, of the state constitution, provides that, "The salary of any county, city, town or municipal officer shall not be increased or diminished after his election or during his term of office." Sec. 4 of the act of March 9, 1893 (Laws, p. 168), in force at the time of appellant's election, provides that the county treasurer of each county in which there is a city of the first class is *ex officio* collector of city taxes of such city, and requires such officer to execute a bond in favor of the city in an amount equal to that of the bond required of him as county treasurer; and § 10 (Laws 1893, p. 170) of said act is as follows:

"Each city of the first class shall pay to the county treasurer for duties performed by him in collection of city taxes a salary of five hundred dollars per year, payable monthly from the treasury of such city, as other salaries are paid, which salary shall be in addition to the salary otherwise provided by law. Each city shall also pay the county one thousand dollars per annum for clerk hire."

These sections are annulled by the act of March 21, 1895. The amendment to § 4 consists simply in providing that the bond to the city shall be in a penal sum "to be fixed by the city council," instead of be-

ing " in an amount equal to the bond required of him as county treasurer," as fixed by the old act; and § 10, above set out, was amended by excluding therefrom the provision for compensation, and as amended reads as follows: "Each city shall pay the county one thousand dollars per annum for clerk hire."

Counsel for the respondent insists that the effect of the amendatory enactment was to make the appellant simply county treasurer alone, instead of county treasurer and *ex officio* city tax collector as formerly, and that "having done this much the legislature went still further and concluded to impose upon the county treasurer an additional duty, to wit, that of collecting the taxes of the city of Spokane, which it did in the same act."

It is too well settled to require any citation of authority, that the legislature may abolish an office entirely at any time; also, that the holder of an office has no proprietary rights therein and is subject to the will of the legislature, save only as the legislative power may be restricted by the constitution; also, that the legislature has power to impose additional duties upon an officer without providing additional compensation therefor. But neither one nor all of these propositions affords any warrant for cutting off the compensation which the law at the time of his election fixed for the discharge of certain duties, while still requiring of the officer the performance of the duties for which the compensation was originally fixed; and this is precisely, as we think, what the legislature, by the amendatory act in question, attempted to do.

We cannot agree with the learned counsel for the respondent that the law which made the county treasurer *ex officio* city tax collector and provided compen-

sation therefor was repealed by the act of 1895, p. 407–8, (being the act above referred to), " and the effect of this last mentioned act was to absolutely abolish and extinguish the office of city tax collector," and that having done so the legislature then proceeded to impose upon the county treasurer an additional duty, to wit, the collecting of taxes of the city of Spokane, which it did in the same act   We think that the act which made appellant *ex officio* city tax collector was not repealed.   It continued uninterrupted and in force, and the effect of the amendment was not to abolish the office.   The amendatory act contained no words of repeal, but even if it had that could not have affected the result.

In § 134 of Sutherland on Statutory Construction, it is said:

" Where there is an express repeal of an existing statute, and a re-enactment of it at the same time, or a repeal and a re-enactment of a portion of it, *the re-enactment neutralizes the repeal so far as the old law is continued in force.*   It operates without interruption where the re-enactment takes effect at the same time. . . .   *Offices are not lost; corporate existence is not ended; inchoate statutory rights are not defeated; a statutory power is not taken away, nor criminal charges affected by such repeal and re-enactment of the law on which they respectively depend.*"

In *State, ex rel. Blossom, v. Horton,* 21 Nev. 300 (30 Pac. 876), the rule applicable to the present question is stated to be as follows:

" The effect of an amendment of a statute made by enacting that the ' act is hereby amended so as to read as follows,' and then incorporating the changes or additions with that portion of the former act that is retained, is not that the portions of the amended act which are merely copied from the original act are to be considered as having been repealed and again re-

enacted.   The part which remains unchanged is to be considered as having continued to be the law from the time of its first enactment."

See, also, *Martindale v. Martindale,* 10 Ind. 566; *State v. Mines,* 38 W. Va. 125 (18 S. E. 470); *McLaughlin v. Mayor of Newark,* 57 N. J. Law, 298 (30 Atl. 543); Sutherland, Statutory Construction, § 134.

Our constitution requires (art. 2, § 37) that where a section of an act is amended the section must be set forth at length, and it follows from this that that part of the original section which is not repeated in the amendatory act is repealed, but that part of the original enactment which is repeated remains the same as if there had been no amendment.

The act of March 21, 1895, *supra,* in no manner changed or lessened the duties and responsibilities which the law in force at the time of appellant's election imposed upon him as *ex officio* tax collector of the city of Spokane, and in so far as it attempted to deprive him of the compensation which the law in force at the time of his election provided for the performance of such duties, it was and is in conflict with § 8, art. 11, of the constitution, *supra,* and hence inoperative and void.

The judgment appealed from must be reversed and the cause remanded with directions to the lower court to award the peremptory writ as prayed for.

Hoyt, C. J., and Anders, Dunbar and Scott, JJ., concur.