[No. 2996.   Decided June 16, 1898.]

## C. W. YOUNG, *State Treasurer*, v. BYRON MILLETT, *Judge of the Superior Court of Thurston County.*

### STATE TREASURER— ADDITIONAL DUTIES— COMPENSATION.

The state treasurer is not entitled to compensation in addition to his salary for services in disposing of the securities deposited with him by a foreign insurance company as trustee for the policy holders, when the act imposing that duty on him makes no provison for additional compensation.

### *Original Application for Mandamus.*

*Thomas M. Vance,* for petitioner.
*Haight & Owings,* for respondent.
*Daniel Gaby,* as *amicus curiae.*

The opinion of the court was delivered by

REAVIS, J.—The state treasurer is the relator and the respondent is judge of the superior court of Thurston county. The petition states that, under the law of the state, insurance companies foreign to this jurisdiction are required to deposit with the state treasurer collateral securities in the sum of $50,000 for the protection of policy holders of the state, and that the relator had in his possession, on the 17th day of January, 1897, certain collateral securities deposited with him by the State Insurance Com-

pany of Salem, Oregon, for the protection of its policy
holders; that the insurance company was at that time in-
solvent and had been declared so by a court of competent
jurisdiction of the state of Oregon; that an action was
brought on the 17th of January, 1897, in the name of
Lovina K. Hartsuck in her own behalf and on behalf of
others similarly interested, against the relator and the in-
surance company, to require the relator to convert the
securities in his hands into cash and to apply the proceeds
to the satisfaction of the claims of the Washington policy
holders against said insolvent insurance company; that,
in pursuance to the order of the superior court, the relator
converted the securities into cash in the manner prescribed
by the court; that on the 16th of March, 1898, he made
his report to the superior court, embodying a statement
of all claims examined by him as trustee, and allowed or
disallowed, showing the total aggregate of claims and the
total amount of cash receipts from the sales of securities.
Exceptions were allowed to the report and were heard
and determined by the superior court; that relator in the
report requested the superior court to determine what was
a reasonable compensation for his services in acting as
trustee and converting the securities into cash, examining
and auditing the claims presented and disbursing the cash
so collected pro rata among the various claimants as allowed
by final order of the court; that upon exception to this
part of the report the court refused to examine the ques-
tion of what would be a reasonable compensation for re-
lator's services and refused to make any allowance out of
the fund in relator's hands of any sum whatever for relator's
services; that the court refused to make the examination
and allowance for the reason that in its opinion the ser-
vices were required by law of the relator in his official
capacity as state treasurer. The relief demanded by relator

is that the superior court be directed to examine and determine the reasonable value of the services of relator as trustee and to make a proper allowance out of the fund for relator's services in the execution of the trust.

The cause involves the right of the state treasurer to compensation in a proceeding by a policy holder of an insolvent insurance company of another state, under Laws 1897, p. 53. A trust was created by § 11 of the insurance law of 1890 (Laws 1889-90, p. 345), which is re-enacted as § 15 of the insurance act of 1895 (Laws 1895, p. 157 Bal. Code, § 2819), which declares that the state treasurer shall receive certain securities from foreign insurance companies and hold them in trust for the policy holders. Section 17 of the act of 1895 (Bal. Code, § 2821) directs when the securities may be delivered to the insurance company. This trust having been imposed by law upon the treasurer it became his duty to administer the same in the interest of the policy holders. The act approved March 6, 1897 (Laws 1897, p. 53), provides a convenient forum where the policy holder may institute an action for the administration of the trust and dispose of the securities and assets of a foreign insurance corporation for the benefit of the beneficiaries of the trust, and that the trust shall be administered and the securities and assets distributed by the state treasurer under the direction of the court. The duties of the trust had been imposed upon the treasurer by the legislation of 1890 and 1895, *supra*. The act of 1897 merely specifies the method of its administration. Section 19, art. 3 of the constitution declares that the state treasurer shall perform such duties as shall be prescribed by law, and for compensation shall receive an annual salary which may be increased by the legislature but shall never exceed $4,000 per annum. Section 25 of art. 2 of the constitution declares: " Nor shall the com-

pensation of any public officer be increased or diminished
during his term of office." Chapter 4, title 3, Bal. Code
(1 Hill's Code, title 3, ch. 4) is entitled "Of the State
Treasurer." Section 156 of the chapter declares, referring
to the treasurer's bond, that one of the conditions is that
he shall faithfully perform all of the duties required of
him by law. Section 165 of the chapter declares that "the
state treasurer shall perform such other duties as may be re-
quired of him by the constitution and laws of the state," and
§ 163 states the salary. The law of 1897 has imposed the
duty upon the treasurer to administer the trust and the
legislature has not authorized compensation for such ser-
vices. It is a rule that the legislature has power to im-
pose additional duties upon an officer without providing
additional compensation. *Mudgett v. Liebes*, 14 Wash. 482
(45 Pac. 19). A public officer in the rendition of the ser-
vices is not entitled to compensation unless it is pre-
scribed by statute. Throop, Public Officers, § 446, and
authorities cited; *School District v. Cole*, 4 Wash. 395
(30 Pac. 448). Additional duties imposed by law do not
entitle an officer to additional compensation, nor do ex-
traordinay risks. Throop, Public Officers, § 479.

It is true two distinct public offices may be held by the
same person where the duties are not inconsistent. There
does not seem to be any inconsistency between the duties
imposed by the legislation relating to insurance companies
and the other duties of the state treasurer imposed by
law. If this be true, he must discharge those duties, and
those required in relation to insurance are merely addi-
tional duties and as such additional duties he is required
by the constitution and statutes to perform them. No
compensation has been provided for such additional ser-
vices and it would seem that if they are merely additional
services of the treasurer, compensation for them might

fall within the inhibition against increasing the salary of a public officer. *Yates v. National Home*, 103 U. S. 674; *Mullett's Adm'x v. United States*, 150 U. S. 566 (14 Sup. Ct. 190).

The writ is denied.

SCOTT, C. J., and DUNBAR and GORDON, JJ., concur.