[No. 2426.]

MITCHELL v. WHEELER.

1. **Tax Sales—Redemption—County Treasurer—Fees and Commission.**

The county treasurer is not entitled to a commission on money paid into his hands for the redemption of land sold to individuals for delinquent taxes, nor to any fee for entering on his books an assignment of a certificate of purchase.

2. **Pleading—Penalties—Fees and Commissions.**

A complaint which alleges that an officer has taken commissions and fees which he was not entitled to, is not sufficient to state a cause of action under the penal statute (Session Laws 1891, section 17, page 220), providing that if any officer shall take greater fees for any service than that fixed by law, or shall charge or demand and take any fees where the business for which such fees are chargeable shall not be actually done, such officer shall forfeit and pay to the person injured fifty dollars.

*Appeal from the District Court of Arapahoe County.*

Mr. E. E. SCHLOSSER, for appellant.

Messrs. GOUDY & TWITCHELL, and Mr. GEORGE F. DUNKLEE, for appellee.

MAXWELL, J.

This is an appeal from a judgment of dismissal entered on an order sustaining a demurrer to an amended complaint.

The amended complaint set forth 38 causes of action. The first 37 causes of action, which were identical, except as to dates and amounts, alleged that the defendant was county treasurer of Arapahoe county during the years 1898 and 1899; that plaintiff was a large purchaser of tax-sale certificates at the annual sales of property on account of delinquent taxes; that portions of the property so purchased by him were redeemed, and the redemption money paid to the defendant in his capacity as county treasurer, to be held by him subject to the order of plaintiff; that plaintiff surrendered to the defendant the tax-sale certificates upon property so redeemed, and demanded of defendant the moneys which had been received by him on account of such redemption; that the defendant deducted from the moneys so received by him on account of redemptions, one per cent. thereof, claiming that he had a right so to do under and by virtue of the statute; that such deductions were and are illegal fees; that the plaintiff had made frequent demands on the defendant for the payment of the same, which has been refused; that, by reason of the acts of defendant, he has forfeited and become liable to pay to plaintiff the sum of $50.00 by virtue of section 17, Session Laws of 1891.

The 38th cause of action alleged was for the recovery of $50.00 penalty, under the same statute, for the deduction of $7.50 from redemption moneys due the plaintiff, under the pretense that the defendant was entitled to the sum of 30 cents each, on account of twenty-five tax-sale certificates, which had been assigned by the original purchaser to the plaintiff, which fee was alleged to be an illegal fee.

The demurrer was upon the grounds that the

complaint did not set forth facts sufficient to constitute a cause of action.

The sections of the statute involved herein are as follows: Section 6 of the act of 1891, as amended by the Session Laws of 1897, page 159:

"The County Treasurer shall charge and receive the following fees and commissions:

"Upon all moneys received by him for town and city taxes, whether such towns or cities be incorporated under the general laws or by special charter, and anything in said charter to the contrary notwithstanding, and upon all school taxes in counties of the first class, one per cent.; in counties of the second class, one per cent.; in counties of every other class, one per cent. on school taxes, and two per cent. on town and city taxes. Upon all moneys received by him for taxes of every other kind in counties of the first class, one per cent.; second class, one and one-half per cent.; third class, two per cent.; fourth class, three per cent.; fifth class, five per cent. For receiving all moneys other than taxes in counties of every class, one per cent. For each certificate of purchase, in counties of every class, twenty-five cents; for each tract therein described, in counties of every class, five cents. For each certificate of redemption in counties of every class, twenty-five cents; for each tract therein described in counties of every class, five cents. For making treasurer's deed, in counties of every class, one dollar, if such deed contains one description, and for every subsequent description, five cents."

The foregoing is the only statute in force fixing the fees of county treasurers.

"Sec. 17. If any officer whomsoever whose fees are hereinbefore expressed and limited for any service shall take greater fees than are so hereinbefore limited and expressed, for any service to be done by

him in his office, or if any such officer shall charge or demand and take any of the fees hereinbefore ascertained and limited where the business for such fees are chargeable, shall not be actually done and performed, such officer shall forfeit and pay to the party injured fifty dollars, to be recovered as debts of the same amount are recoverable by law.''

The last above quoted section is a penal statute, and as such must be strictly construed. It denounces a penalty of fifty dollars against any officer who shall take greater fees for any services to be done by him than those provided by the statute, and a like penalty against any officer who shall charge, demand or take any of the fees provided by the statute where the services shall not be actually done or performed.

It is contended by appellee that the statute authorizes the deduction of one per cent. from moneys paid in redemption of property from tax sales under and by virtue of the following paragraph in the first above quoted section of the statute:

''For receiving all moneys other than taxes in counties of every class, one per cent.''

With this contention we do not agree.

This commission is not intended to apply to moneys paid to the treasurer on account of redemptions from tax sales, but is intended to apply to moneys received by the treasurer on account of licenses, and from other sources of revenue. This view is supported by the fact that section 3914, Mills' Ann. Stats., provides:

''The treasurer shall, on demand of any person entitled to redemption money in his hands, pay the same to such person on his surrendering to him the tax certificate to such land or lot as has been redeemed.''

As to the 38th cause of action alleged, we find nothing in the statute above quoted which authorizes

the treasurer to charge any fee whatever for entering on his books an assignment of a certificate of purchase, or for making any charge against a party who is entitled to the redemption money on account of such assignment.

"The compensation of an official for his official acts being regulated by statute, he is only entitled to charge for those services to which compensation by law attaches, for the rule is inflexible, that an official can only demand such fees or compensation as the law has fixed and authorized for the performance of his official duties."—*Garfield County v. Leonard,* 26 Colo. 145, 153.

We therefore conclude that appellee, as treasurer, under the statute above quoted, was not authorized to deduct a commission of one per cent. from the moneys paid into his hands as redemption money, before paying the same to appellant, and that he was equally unauthorized to charge appellant thirty cents on each certificate of purchase which had been assigned to the appellant. Otherwise expressed, the commissions and fees charged by appellee, as alleged in the complaint, were unauthorized by statute.

Appellee contends that *Roberts v. People,* 9 Colo. 458, and *Garfield County v. Leonard,* 3 Colo. App. 576, announce the doctrine that, where no fee is prescribed by statute and the officer performs a service, he may charge and receive a reasonable fee for such service.

An examination of the cases cited will show that they are not in point, for the reason that the question there under consideration was the authority of a board of county commissioners to allow a reasonable compensation to an officer for services rendered the county, the compensation not being fixed by statute.

The adoption of the rule contended for by appel-

lee would lead to abuses, which it is the policy of the law to avoid.

However, keeping in mind that section 17 of the above quoted statute is penal, and that the same must be strictly construed, we do not believe that the facts alleged in the complaint or in the various causes of action are sufficient to constitute a cause of action under the provisions of that section, for the reason that there is no allegation that the officer has charged a greater fee than that provided by statute, or that he has charged, demanded or taken a fee for a service which was not rendered.

According to the allegations of the complaint, he has taken commissions and fees which he was not entitled to, which acts are not covered by the terms of said section.

Section 1301, Mills' Ann. Stats., imposes upon any officer who shall willfully and knowingly demand or receive any fee or compensation where no fee or compensation is authorized or prescribed by law, the penalty of imprisonment, fine and liability to civil action for three times the value or amount of the fee or compensation so taken.

Under the facts as alleged in the complaint, the plaintiff's remedy, if he has any, must be under the last quoted statute, and not under the one relied upon in the complaint.

The judgment upon the demurrer was correct, and will be affirmed.                    *Affirmed.*