## No. 11,741.

## CUMMINGS *v.* AIKEN.

### Decided October 10, 1927.

Action against police magistrate to recover alleged over-charge of fees. Judgment of dismissal.

### *Reversed.*

1. APPEAL AND ERROR—*Writ of Error—Motion to Dismiss Application.* A "motion to dismiss application for writ of error" is improper after the writ has been issued, and will be treated as a motion to dismiss the writ.

2. JURISDICTION—*Justice Court—County Court.* In an action against police magistrate to recover the statutory penalty for collecting illegal or excessive fees, the contention that neither justice of the peace nor county court had jurisdiction of the action, overruled.

3. APPEAL AND ERROR—*Basis of Action.* In a suit to recover from a
   police magistrate illegal fees collected, the reviewing court will not
   assume that the action is based on the penalty statute (C. L. § 7897),
   where the record does not so indicate.

4. OFFICES AND OFFICERS—*Police Magistrate—Illegal Fees.* C. L. § 6817,
   concerning collection of illegal fees, held to apply to police magis-
   trates, they being public officers.

*Error to the County Court of Moffat County, Hon. F. D.
Guinn, Judge.*

Mr. BARNARD CUMMINGS, Pro se.

Mr. E. G. VANATTA, for defendant in error.

*Department Two.*

MR. JUSTICE CAMPBELL delivered the opinion of the
court.

DEFENDANT in error filed a motion entitled: "Motion
to Dismiss Application for Writ of Error." As the
writ had theretofore been issued the motion to dismiss
was not proper. The motion, however, will be treated
as one to dismiss the writ, and as the cause has been
argued by both parties on the merits, it will now be finally
disposed of. Both parties assume that the imperfect
record before us shows that the action was begun in the
court of a justice of the peace, and that the object of the
plaintiff Cummings was to recover of the defendant Ai-
ken, police magistrate of the town of Craig, as a penalty,
the sum of $50 for an overcharge of fees which the magis-
trate in his official capacity unlawfully demanded and
received of the plaintiff. There were no pleadings be-
fore the justice of the peace. In the imperfect state of
the record it might be difficult to determine on what
ground the justice of the peace dismissed the case. The
parties here assume again that the justice of the peace
dismissed it because he thought his court had not juris-

diction of the subject matter. The plaintiff appealed to the county court. A jury was called and impaneled, but before any testimony was offered or taken, the defendant Aiken objected to the introduction of any evidence by the plaintiff for the reason that the court was without jurisdiction of the subject matter of the action, and after argument the court entered a judgment dismissing the cause and taxing the costs to the plaintiff.

1. We first observe that the record itself shows that plaintiff's cause of action against the magistrate was for a failure to pay $50. The justice certainly had jurisdiction of that cause of action as did the county court. There is nothing on the face of the record before us that would enable us to determine whether or not either court had or had not jurisdiction of the cause, except the bare statement in the summons; but, as already indicated, the parties themselves are in accord that the action is to recover a statutory penalty for excessive and illegal fees which the justice demanded and collected of plaintiff, and we shall dispose of it on that theory. In support of the claim of the defendant police magistrate, his counsel says that the action was based upon section 7897, C. L. 1921. That section declares that any officer whose fees are expressed and limited for any service which he may perform under the provisions of the act of which the section is a part, who shall take greater fees than are limited and expressed in the act itself, shall forfeit and pay to the injured party $50, to be recovered as debts of the same amount are recovered by law. Defendant says that, since the act itself does not prescribe any fees to be charged or demanded by a police magistrate, neither the justice court nor the county court had jurisdiction of the cause. That is a misconception of the term "jurisdiction." The court had jurisdiction over the subject matter of a claim for $50. It might be that plaintiff would not be able to recover the amount because the penalty statute does not apply to a police magistrate, but it does not follow that the justice of the peace and

the county court did not have jurisdiction to determine the action, although judgment might be, as it was, for the defendant.

2. Moreover, in the state of the record we cannot say that the plaintiff's cause of action is based upon this section. Section 6817, C. L. 1921, treating of the taking of illegal fees, declares that any public officer who, for the performance of an official duty for which a fee or compensation is allowed by law, shall wilfully and knowingly demand or receive any greater fee or compensation than what is allowed or provided by law for the same, shall be guilty of a misdemeanor, and upon conviction shall be fined and punished, and also shall be liable in a civil action to the person from whom such fee is knowingly and illegally demanded or received, for three times the amount or value thereof. It may be that the plaintiff relied upon this section, as he might properly do, although he might not be able to recover the full amount of $50 as provided by section 7897, supra. That, however, would not prevent a recovery by the plaintiff under section 6817, supra, if in other respects he establishes his cause of action, of three times the value or amount unlawfully received. In *Mitchell v. Wheeler,* 20 Colo. App. 159, 77 Pac. 361, our Court of Appeals has said that this section 6817, which is the same as section 1301, M. A. S. 1891, imposes upon every public officer for overcharge liability in a civil action for three times the value or amount of the fee or compensation so taken. This section unquestionably applies to a police magistrate, who by the law of this state is a public officer of an incorporated town or city. Section 9162, C. L. 1921, confers upon police magistrates jurisdiction in all cases arising under the provisions of the act or any ordinance passed in pursuance thereof, and it says that their powers, compensation and fees shall be the same as justices of the peace in like cases of the county in which such town is situated. The police magistrate is a public officer, and if he charges an illegal fee he is subject to the

penalty prescribed by section 6817, supra. There is no restriction, as we have said, in that section which includes a police magistrate. The county court had jurisdiction of this action and its judgment of dismissal was unauthorized and the same, therefore, is hereby reversed and the cause remanded for a new trial.

MR. JUSTICE DENISON, sitting for MR. CHIEF JUSTICE BURKE, MR. JUSTICE ADAMS and MR. JUSTICE BUTLER concur.